Hams, J.
This action was prosecuted in the court of common pleas ~ to enjoin the Board of County Commissioners from improving a county road, under proceedings authorized by the statute of April 16, 1896, entitled “An act to supplement sections -• 2622 and 2637 of the Revised Statutes of Ohio.”
The trial court sustained the demurrer to the petition and gave judgment for the defendant, from which the plaintiff entered an appeal to this court. The grounds for which relief is sought, as stated in the petition, are-:
That the statute under the authority of which the county commissioners are proceeding, is unconstitutional and void'* for two reasons:
*136 ist. Because no mode is provided whereby the owner of ¡property taken, for the improvement can be-compensated for such property.
Under this statute no private property is necessarily appropriated for most of the improvements authorized; and, as to . such improvements as do not involve the appropriation of private property, this objection can not avail. As an authority to the commissioners to improve county or state roads where •.no private property is taken, there is no valid objection to the . statute, whatever infirmity there may be in other respects. It does not appear in this case that any individual property -rights are invaded and, therefore, the contemplated action of the county commissioners is within the authority conferred by • the statute and should be upheld.
- 2nd. It is claimed that the statute is invalid by reason of the proviso, in section i of the act, which requires one-fourth of the cost and expenses of the improvement to be assessed upon- the land abutting- upon the improvement.
Section i of the act of 1896 adds four sections supplemental to section 2822 of the Revised Statutes, known as section 2822-1 to section 2822-4^ inclusive.
Section 2822 relates to the subject of taxation, and'reads:
“The county commissioners shall, at their March or June session, annually, determine on the amount to be raised for -ordinary county purposes, for public buildings, for the support of the poor, and for the interest and principal of the pub- ' lie debt, and for road and bridge purposes; and they shall set forth in the record of their proceedings specifically the amount -'to be raised for each of said purposes.”
■ 'Section 2822-1 authorizes a levy to be made to create a fund -to be known as the “State and County Road Improvement Fund.”
Section 2822-2 authorizes- the- county commissioners to use ■the funds thus created, for improving county and state roads. ' That section contains this proviso: “Provided, however, that -no such improvement shall be. made until the owners of at least a majority of the foot frontage of the land abutting on said road or part thereof shall petition therefor, and the coun--.ty commissioners shall assess one-fourth of the cost and ex- - pense thereof on said abutting land.”
*137 Sections 2822-3 and 2822-4 relate to the proceedings to be liad in making the improvement.
Section 2 of the act of 1896 adds eleven sections supplemental to section 4637 of the Revised Statutes, known as sections 4637-1 to 4637-11 inclusive.
Section 4637-1 confers authority and power upon the county commissioners to cause to be graded, paved, curbed and improved, county or state roads.
Section 4637-2 reads:
“The county commissioners may assess the damages on ac■count of the widening, altering or establishing of said road or ■part thereof, also the costs and expenses of any or all of said •damages, costs and expenses as they may deem equitable under the circumstances upon the taxable property abutting upon .■such road or part thereof, either according to the foot frontage •or according to the benefits. The county commissioners are hereby created an assessing board for the purpose of assessing the damages, costs and expenses, as herein set forth, upon the abutting property as aforesaid.”
Section 4673-3 reads:
“The commissioners may order such part of the damages, ■cost and expense .of such improvement as they may deem ■equitable, to be paid out of the county treasury, or out of any .■state and county road improvement fund.”
The proviso to section 2822-2 and the last two sections ■quoted are apparently not in harmony; at least there is a possible conflict in the two. Section 4637-1 and following were ■'intended to confer upon the county commissioners ample power to improve county roads, determine the cost and ex-pense of the same, and the proportion to be assessed upon the 'owners of property abutting upon the proposed improvement,' .•and the proportion to be paid from the road improvement fund.
The means and mode of making the assessment of the equitable portion to be paid by -the abutting land owner is therein •provided for. The statute seems to be complete in this respect, and its provisions are without objection and clearly not ■obnoxious to any provision of the constitution. Just what •purpose there was 5m .adding the provise to section 2822-2- is *138 not quite clear, but we hold that it in no way affects the power and authority given to the county commissioners under section 4637-1 and following sections, and, as to improvements falling within those sections, must be disregarded.
We hold, therefore, that this statute should not be held unconstitutional because of the proviso appearing in section 2822-2. x
Again, it is claimed that even though the statute is a valid enactment, still it conferred no authority to improve that part of the county or state road ly'ng within the municipal corporation, and the allegations of the petition are, that the road to be made lies within the municipalities of Bast Cleveland and Cleveland Heights.
We are of the opinion that the case of Lewis v. Laylin, 46 Ohio St., 663, settles this contention in favor of the defendant. If is there held in the third provision of the syllabus:
“County commissioners have authority under the two-mile assessment pike law. to improve a state, county or township road, although the improvement embraces that part of the highway which lies within the limits of a municipal corporation.”
We find nothing in subsequent decisions, modifying or overruling the principle announced in this case. It is claimed, however, that the case of Lewis v. Laylin is overruled or at least modified by the case of Railroad Company v. Defiance, 52 Ohio St., 263; the first paragraph of the syllabus reads:-
“Where part of a county road is taken into a municipal corporation by the annexation of contiguous territory, it is subject to the control and supervision of the municipal authorities, who may improve it by grading, or otherwise, at the expense of the corporation. Section 4906, of the Revised Statutes, does not apply to unimproved county roads.”
No reference is made in this case (Railroad Company v. Defiance) to Lewis v. Laylin which sustains the jurisdiction of the commissioners in improving'a state or county road within the limits of a municipality. The latter case sustains the jurisdiction of the municipal authorities to improve a state or county road within a municipal- corporation as one of the? streets of the municipality. .
Sam. Doerñer, for Plaintiff.
Kaiser and Tuft, County Solicitor, for Defendants.
■The result of the two cases is simply to sustain the jurisdic- • tion of the county commissioners and the municipal authorities ■ over such highways.
Plaintiff’s petition is dismissed.
Judgment for the defendant.